OPINION
{¶ 1} Appellant, Robert C. Keifer ("Keifer"), was indicted for a total of thirty-five counts in the three separate cases in the common pleas court. The crimes for which he was indicted were breaking and entering, vandalism, safecracking, possession of criminal tools, grand theft of a motor vehicle, grand theft, burglary, and receiving stolen property. Thirty-three of the counts related to acts committed in 2002, and the other two counts related to acts committed in 2003. Kiefer committed the offenses in 2003, while he was out on bond and awaiting trial for the 2002 cases.
 {¶ 2} Keifer pled guilty to safecracking, ten counts of breaking and entering, two counts of grand theft, and one count of receiving stolen property, and was sentenced on July 15, 2003, for both the 2002 and the 2003 cases. At the sentencing hearing, the trial court considered that Keifer had an extensive criminal record, that he committed some of the crimes while he was out on bond, and that he is likely to commit crimes in the future. The trial court imposed a one-year sentence for each of the fourteen counts to which Keifer pled guilty. The sentences were a combination of concurrent and consecutive sentences. The net effect of the sentences pursuant to the July 15, 2003 judgment entry was that Keifer received a stated prison term of seven years. The trial court entered a nunc pro tunc judgment entry on July 25, 2003, the effect of which was to impose a six-year stated prison term on Keifer instead of the seven-year stated prison term imposed in the July 15, 2003 judgment entry.
 {¶ 3} On August 6, 2003, Keifer filed a motion for judicial release, which was denied on October 1, 2003.
 {¶ 4} On August 26, 2004, Keifer filed a motion for leave to file a delayed appeal, which this court granted. The three cases from the common pleas court have been consolidated for purposes of this appeal. On appeal, Keifer challenges the imposition of consecutive sentences upon him. Upon review, we reverse and remand for resentencing.
 {¶ 5} Keifer's two assignments of error are related and will be treated together. They are as follows:
 {¶ 6} "[1.] The trial court erred to the prejudice of defendant-appellant by imposing consecutive sentences without making the mandatory statutory findings required by R.C.2929.14(E)(4).
 {¶ 7} "[2.] The trial court erred to the prejudice of defendant-appellant by imposing consecutive sentences under R.C.2929.14(E)(4) without stating its underlying reasons and justifications for doing so on the record in open court in direct violation of R.C. 2929.19(B)(2)(c) and State v. Comer (2003),99 Ohio St.3d 463."
 {¶ 8} In light of the recent decision by the Supreme Court of Ohio, in the case of State v. Foster, an analysis of these two assignments of error is unnecessary.[1] That court held that the imposition of consecutive sentences pursuant to R.C.2929.14(E)(4) is constitutionally impermissible pursuant toBlakely v. Washington and United States v. Booker.[2]
 {¶ 9} This matter, therefore, will be returned to the trial court for resentencing in light of State v. Foster.
 {¶ 10} However, at resentencing, the trial court shall only consider the imposition of consecutive sentences imposed with respect to Counts 14, 16, 23, 24, and 31 in case numbers 2002 CR 233 and 2002 CR 239, and Counts 1 and 2 in case number 2003 CR 018. Keifer has not challenged the length of his sentences for any of his convictions and, therefore, they shall not be disturbed.
 {¶ 11} In State v. Saxon, the Supreme Court of Ohio held:
 {¶ 12} "An appellate court may only modify, remand, or vacate a sentence for an offense that is appealed by the defendant and may not modify, remand, or vacate the entire multiple-offense sentence based upon an appealed error in the sentence for a single offense."[3]
 {¶ 13} Thus, the one-year sentences for all offenses shall remain undisturbed. Only the consecutive aspect of the sentences shall be considered upon resentencing.
 {¶ 14} The two assignments of error have merit.
 {¶ 15} For the foregoing reasons, the judgment of the trial court is reversed, and the matter is remanded to the trial court for resentencing consistent with this opinion.
Rice, J.,
O'Toole, J., concur.
[1] State v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856.
[2] Id., at paragraphs three and four of the syllabus, citingBlakely v. Washington (2004), 542 U.S. 296 and Booker v.United States (2005), 543 U.S. 220.
[3] State v. Saxon, ___ Ohio St.3d ___, 2006-Ohio-1245, paragraph three of the syllabus.